[Civ. No. 8079. Second Appellate District, Division One.—February 14, 1935.]

RUSSELL E. HERMANCE, Appellant, v. JOHN N. BLACKBURN, Respondent.

578

Goodspeed, Pendell & McGuire for Appellant.

Richard C. Cantillon and Frank A. Sievers for Respondent.

THE COURT.—No brief having been filed herein by respondent, the following statement of facts is taken *verbatim* from the brief filed by appellant (Rule V, sec. 1) :

"This action is one for malicious arrest and prosecution. The trial was before a jury. At the close of plaintiff's evidence, defendant made a motion for nonsuit which was granted, and thereupon a judgment of dismissal entered. Plaintiff appeals.

"Plaintiff and defendant are next door neighbors to one another. Defendant had built his home with an ornamental archway which extended therefrom over to and beyond the common boundary line between plaintiff and defendant. From this archway defendant built a small stone wall parallel to the boundary and extending to the street sidewalk. The encroachment of the arch and stone wall was about 1.85 feet. Plaintiff instituted a civil action to compel the removal of same. The trial court made findings in that action that the arch and stone wall did not encroach upon plaintiff's property. Plaintiff appealed from that judgment 'on the ground there was no evidence to sustain those findings and on said appeal the said judgment was reversed.' That action in the present action is referred to as the 'boundary line action'.

"Prior to the trial and decision of the 'boundary line action', plaintiff, in the early morning in the month of October, 1926, and while his automobile engine was running to deaden the sound of the blows of his hammer, broke up and removed the stone wall. Five months later the 'boundary line action'

was tried in which the decision above mentioned was rendered, and which was subsequently reversed by the Supreme Court. When that decision had been rendered by the trial court, this defendant had two typewritten notices posted warning and threatening to arrest and prosecute any person for any trespassing on defendant's property. One of these notices was posted in the front, and the other in the rear of the premises and within an inch of the boundary line which defendant claimed as 'represented by the southerly face of the stone wall as it had formerly existed', plaintiff's property being to the south of defendant's property. Plaintiff 'picked up said notices and (threw) them back' on to defendant's property. Thereupon defendant swore to and filed a criminal complaint against plaintiff on June 3, 1927, charging him with having destroyed said stone wall; that such criminal action was dismissed and on June 28, 1927, another criminal action was filed by defendant against plaintiff charging him with having maliciously torn up said stone wall and which was alleged to have been built upon defendant's property. On such charge plaintiff was arrested and tried, and a verdict of not guilty was returned by the jury. The present action has been brought to recover damages for such arrest and prosecution, which plaintiff alleges was done maliciously and without justifiable or probable cause.''

On the trial of the instant action, under the provisions of section 2055 of the Code of Civil Procedure, plaintiff introduced defendant as a witness as for cross-examination. In the course of such examination, in substance defendant testified that prior to the institution by him of the criminal action against this plaintiff he had fully and fairly stated all the facts not only to his own attorney, but as well to a deputy district attorney, and thereupon had been advised by each of such attorneys that he had probable cause for the institution against the plaintiff herein of the criminal action. By the reporter's transcript of the testimony received in the ''boundary line action'', plaintiff also offered to prove that three different surveys had been made respecting the location of the boundary line between the properties of the respective parties, and ''that each and every witness who testified in said action as to any survey made by such witness, testified that the stone wall had been wholly built upon (plaintiff's) said lot''; also that by the testimony given by

other witnesses in said action the fact would be established "that defendant was in court throughout the trial of the 'boundary line action' listening to the testimony".

An objection to the introduction of such evidence was sustained by the trial court, and such ruling is assigned by appellant as one of the reasons why the judgment herein should be reversed.

■ In an action for the recovery of damages arising from a malicious criminal prosecution, although generally speaking the established fact that before the alleged prosecution was commenced, but after a full and fair disclosure had been made to an attorney at law of all the facts within the knowledge of a person who later was made a defendant in an action for such alleged malicious prosecution, the said attorney had advised such defendant that a crime had been committed by the person who subsequently became the plaintiff in the malicious prosecution action and that a criminal prosecution of such person would be justified, constitutes a defense to an action for the recovery of damages subsequently brought for malicious prosecution of such criminal action, such rule is distinctly qualified by the requirement that in making such disclosure of the facts, as well as in instituting such criminal proceedings, the person who became the defendant in the malicious prosecution action must have acted in good faith.   (16 Cal. Jur. 741, and authorities there cited.)

■ And in the instant case, although the testimony given by defendant may have tended to establish the existence of the fact that before causing the criminal proceedings to be instituted against plaintiff he had acted on the advice of counsel, his defense may have been incomplete in that it lacked proof of the essential element of good faith either in his statement of assumed facts to his counsel, or in instituting such criminal proceedings.   It is obvious that in making such a statement of pertinent facts and circumstances relative to the advisability of instituting a criminal action against one who might be suspected of having violated the provisions of some penal statute, the narrator might relate facts that by outward appearances were true, but which, to the positive knowledge of the narrator, were either wholly untrue, or were subject to much modification.   Therefore, in the instant case, on the issue of good faith, any fact would have been admissible in evidence that would have tended to show that, notwithstanding a pretended full and fair disclosure by defendant

to his attorney of the apparent facts that were present in connection with the commission of the alleged criminal offense, nevertheless defendant actually knew, or at least was in a fair position to ascertain (and which he had consciously failed to do), that the information which he gave to his attorney relative to the assumed facts was actually untrue in some essential particulars. And so, if by the record in the "boundary line action" plaintiff herein could have established the facts that throughout the trial of such action the defendant therein (and defendant herein) was present and heard the entire testimony that was given by each of the several surveyors to the effect that the archway and the stone wall constructed by defendant encroached upon the property of plaintiff, the good faith of defendant in assuming to the contrary of such testimony and in instituting against plaintiff a criminal action for trespass, wherein he was charged with "having maliciously torn up said stone wall", would very properly be called in question. Had such evidence been admitted, the motion for nonsuit interposed by defendant might not have been granted. It follows that the error of the trial court in rejecting the offered evidence was prejudicial to the substantial rights of plaintiff.

The judgment is reversed.